FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

SEP 1 1 2013

JAMES N. HATTEN, Clerk

Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : | Civil Action No. |
| v. | : : | **1: 13-CV-3032** |
| PAUL MARSHALL, BRIDGE SECURITIES, LLC A/K/A BRIDGE FINANCIAL, BRIDGE EQUITY, INC. and FOGFUELS, INC., | : : : : : | |
| Defendants. | : : | |

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF

Plaintiff Securities and Exchange Commission (the "Commission") hereby

respectfully requests that the Court issue an emergency *ex parte* order temporarily

restraining and enjoining: (1) Defendants Paul Marshall ("Marshall"), Bridge

Securities, Inc. a/k/a Bridge Financial ("Bridge Securities"), Bridge Equity, Inc.

("Bridge Equity") and FOGFuels, Inc. ("FOGFuels") from further violations of

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Defendants

Marshall, Bridge Securities and Bridge Equity from further violations of Sections

206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15

U.S.C. 80b-6(1) and (2)], and Defendants Marshall and FOGFuels from further

violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15

U.S.C. § 77q(a)]; (2) freezing the assets of Defendants' and the investors' funds

over which they have control; (3) requiring an accounting; (4) prohibiting

document alteration or destruction; (5) expediting discovery; and (6) ordering

Defendants to appear before the Court and show cause why a preliminary

injunction should not be entered against them.

As set forth in greater detail in the accompanying Memorandum of Law, the

Declaration of Melissa J. Mitchell, the Declaration of Karaz S. Zaki, the

Declarations of three investors, Guy Phelps, Stephen Jeffrey and Alan White, and

the exhibits accompanying thereto, and the Complaint and all other documents

submitted in this action, this matter concerns an on-going investment advisory and

offering fraud being perpetrated by Defendants.

Beginning in or about April 2011, and continuing through the present,

Defendant Marshall, through his wholly-owned and controlled investment adviser

entities Bridge Securities and Bridge Equity, advised approximately 8 investment

advisory clients — including several elderly clients— to invest their funds in various securities, including corporate stocks, bonds, mutual funds and certificates of deposit. Relying upon and following their advice, the clients entrusted their money to Defendants and authorized Marshall to invest the funds in the recommended securities. Marshall subsequently represented to his clients that he had executed those investments in their respective advisory accounts. Marshall even sent account statements reflecting such investments.

During that same time period, Marshall also solicited these advisory clients and others to invest in FogFuels, a purported alternative energy company over which he maintained majority ownership and wholly controlled. In connection with that offering, Marshall and FogFuels represented, among other things, that investment proceeds would be used by FOGFuels for corporate purposes —such as marketing, intellectual property, acquisitions, research and development, and corporate expenses — and that all such funds would be deposited into an "Investment Holding Account" at JP Morgan. Relying upon those representations, Marshall and FogFuels raised at least $100,000 from at least one investment advisory client.

Far from investing the assets as represented, Defendants diverted approximately $2 million in investor funds to their own accounts and

3

misappropriated those funds to pay for Marshall's personal expenses, including luxury vacations, child support and alimony payments, and private school tuition and camps for his children.

To conceal and perpetuate their fraud, Defendants provided their investor clients with fraudulent account statements reflecting non-existent investments and illusory investment returns. Finally, and further highlighting the need for the emergency relief, Defendants have repeatedly obstructed the Commission's investigation, including avoiding service of investigative subpoenas, failing to disclose and identify bank accounts Marshall controlled and used to misappropriate investor funds, and repeatedly lying under oath concerning his and his entities' misconduct.

Defendants continue to exercise control over the investor assets. Defendant Marshall and the Bridge Entities continue to solicit new investors and "advise" their existing ones. And, Marshall and FOGFuels continue to engage in an offering to raise further funds for FOGFuels. Accordingly, the Commission seeks, on an emergency and *ex parte* basis, a temporary restraining order restraining and enjoining Defendants from further securities laws violations as well as other equitable relief.

4

WHEREFORE the Commission respectfully requests that this application be granted. A proposed order is filed herewith.[1]

Dated: September 11, 2013

Respectfully submitted,

/s/ Paul T. Kim

Paul T. Kim
Senior Trial Counsel
Georgia Bar. No. 418841
Email: kimpau@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Email: loomism@sec.gov

COUNSEL FOR PLAINTIFF
Securities and Exchange
 Commission
950 East Paces Ferry Road, N.E.
Atlanta, Georgia 30326
Tel: (404) 842-7600
Fax: (404) 842-7633

---

[1] Pursuant to Local Rule 7.1D, counsel for the Commission certifies that this Motion has been prepared in 14 point Times New Roman font, which is approved by the Court in LR 5.1B.