## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 1:13-cv-3032-TCB** |
| **v.** | : | |
| | : | |
| **PAUL MARSHALL, BRIDGE SECURITIES, LLC A/K/A BRIDGE FINANCIAL, BRIDGE EQUITY, INC. and FOGFUELS, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

## FINAL JUDGMENT AGAINST DEFENDANTS

Plaintiff the Securities and Exchange Commission ("Commission"), having

filed a Motion for Default Judgment against Defendants Paul Marshall

("Marshall"), Bridge Securities, LLC a/k/a Bridge Financial ("Bridge Securities"),

Defendant Bridge Equity, Inc. ("Bridge Equity") (collectively, the "Bridge Entities")

and Defendant FOGFuels, Inc. ("FOGFuels") (collectively, the "Defendants")

pursuant to Rule 55; the Court having reviewed Plaintiff's Motion, Memorandum of

Law and supporting Declarations and exhibits ; and for good cause shown:

**IT IS HEREBY ORDERED AS FOLLOWS**:

### I.

Defendants Marshall and FOGFuels and their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from, directly or indirectly:

(1)     employing any device, scheme or artifice to defraud;

(2)     obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3)     engaging in any transactions, practices or courses of business which operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

## II.

**IT IS FURTHER ORDERED** that all Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5thereunder [17 C.F.R. § 240.10b-5] by, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails, or of any facility of any national securities exchange, directly or indirectly:

(1)    employing any device, scheme or artifice to defraud;

(2)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

(3)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(4)    using or employing any manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Commission.

## III.

**IT IS FURTHER ORDERED** that Defendants Marshall, Bridge Securities and Bridge Equity and their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) & (2)], while acting as investment advisers, by using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

4

IV.

**IT IS FURTHER ORDERED** that:  (a) Defendants are liable for

disgorgement of $1,535,981.41, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest of

$38,725.37; (b) Defendant Marshall is liable for a civil penalty in the amount of

$_1,350,000_; (c) Defendants Bridge Securities is liable for a civil penalty in the amount

of $_5,800,000_; (d) Defendant Bridge Equity is liable for a civil penalty in the amount of

$_5,800,000_; and (e) Defendant FogFuels is liable for a civil penalty in the amount of

$_725,000_. Defendants shall satisfy their obligations by paying the foregoing amounts

within 45 days after entry of this Final Judgment by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange

Commission.  The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 100 F

Street, NE, Stoop 6042, Washington, DC 20549, and shall be accompanied by a

letter identifying Marshall, Bridge Securities, Bridge Equity and FogFuels as

defendants in this action; setting forth the title and civil action number of this

action and the name of this Court; and specifying that payment is made pursuant to

this Final Judgment.  Defendants shall pay post-judgment interest on any

delinquent amounts pursuant to 28 U.S.C. § 1961.

Dated:   September 16 , 2014

UNITED STATES DISTRICT JUDGE